IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| JAMES BRACKEN, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Docket No. 1:12-0129 |
| | ) |
| MAURY COUNTY, TENNESSEE, | ) Chief Judge Haynes |
| JIM BAILEY, TOMMY WOLAVER, | ) |
| JOHN GOODLOE, AND RICKY SIMS, | ) Jury Demand |
| OFFICIALLY AND INDIVIDUALLY, | ) |
| | ) |
| Defendants. | ) |

## INITIAL CASE MANAGEMENT ORDER

In accordance with Local Rule 16.01(d)(2), the parties submit this Initial Case Management Order.

**I.     JURISDICTION AND VENUE:**

The Court has jurisdiction of this case pursuant 28 U.S.C. §§ 1331, 1343(a)(4), and 1367(a). Venue is appropriate in the Columbia Division, in the Middle District of Tennessee.

**II.    PARTIES' THEORIES OF THE CASE:**

**A.     Plaintiff's Theory of the Case:**

Plaintiff endured retaliatory harassment and was wrongfully terminated from his position as Budget Director for Maury County after he engaged in constitutionally and legally protected activity by speaking or engaging in speech activity on matters of public concern and by opposing and refusing to remain silent about illegal and unethical activity that he believed were being committed by employees of the Maury County Government. Defendant Maury interfered with and retaliated against Plaintiff for taking FMLA time in 2011 and 2012. Defendant Bailey interfered with Plaintiff's at will employment contract with Maury when he instigated baseless

HR investigations and eventually Plaintiff's termination. Plaintiff alleges violations of 42 U.S.C. § 1983; the Tennessee Public Employee Political Freedom Act, Tenn. Code Ann. § 8-50-601 *et seq.* ("PEPFA"); the Tennessee Public Protection Act, Tenn. Code Ann. § 50-1-304 ("TPPA"); Tennessee common law against wrongful discharge; the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. ("FMLA") and Intentional Interference with Contract under T.C.A. § 47-50-109 and Tennessee common law.[1]

As a result of the violations of the TPPA, PEPFA, and FMLA, Plaintiff is entitled to recover back pay and front pay, compensatory and punitive damages, pre-judgment and/or post judgment interest, as well as a reasonable award of attorneys' fees and costs and any other legal and equitable relief to which he may be entitled. As a result of the violations of the FMLA, Plaintiff is entitled to recover unpaid wages, back pay, and liquidated damages, pre-judgment and/or post judgment interest, as well as a mandatory award of attorneys' fees and costs and any other legal and equitable relief to which he may be entitled.

**B.     Defendant Maury County, Tennessee's Theory of the Case:**

The Plaintiff's termination was in no way related to his alleged protected speech and was certainly not a substantial or motivating factor in his discharge. The Plaintiff's speech was not constitutionally protected under the First Amendment because the Plaintiff's speech was made, not as a citizen addressing a matter of public concern, but as the Budget Director speaking on matters falling within his official responsibilities. The Budget Committee would have terminated the Plaintiff irrespective of his alleged protected speech. The Budget Committee terminated the Plaintiff for legitimate and non-discriminatory reasons and, more specifically, for his failure to adequately perform his responsibilities as the Budget Director. As discussed during the Maury

---

[1] Plaintiff also has a charge pending at the EEOC for violations of the ADA. Plaintiff intends to amend his Complaint after the charge has been administratively exhausted.

2

County Budget Committee meeting on August 14, 2012, the Plaintiff failed to properly administer the budget and budget process and failed to communicate with the directors of the various County departments regarding changes to their budgets.

Mayor Bailey did not encourage the Budget Committee to terminate the Plaintiff and did not have the authority to terminate the Plaintiff's employment. The Plaintiff was an at will employee of Maury County and did not have an employment contract. There being no employment contract, there was no contract with which to interfere or breach.

Additionally, Maury County is not liable under 42. U.S.C. § 1983 because none of the Defendants named in the Complaint violated the Plaintiff's constitutional rights. Further, there was no unconstitutional policy, practice, or custom of Maury County that was the driving force behind any alleged deprivation of the Plaintiff's constitutional rights. Maury County relies upon all other denials and affirmative defenses raised in its Answer.

### C. Theory of the Case of Defendants Wolaver, Goodloe, and Sims:

Defendants Tommy Wolaver, Joe Goodloe and Ricky Simms deny that the Plaintiff was wrongfully terminated from his position as budget director for Maury County and deny that his termination was because of the activities described in the Plaintiff's Complaint. The Defendants deny any violations of 42 U.S.C. §1983, the Tennessee Public Employee Political Freedom Act, Tennessee Code Annotated §8-50-601, the Tennessee Public Protection Act, Tennessee Code Annotated §50-1-304, Tennessee Common Law Against Wrongful Discharge, Family Medical Leave Act of 1993, 29 U.S.C. §2601, initial interference with contract under T.C.A. 47-50-109, or Tennessee law or any other theory the Plaintiff has alleged.

Defendants aver that the Plaintiff has failed to state a cause of action against them and failed to state a cause of action for punitive damages.

3

Defendants Tommy Wolaver, Joe Goodloe and Ricky Simms, to the extent they are sued in their official capacities as Maury County Commissioners, admit that in essence this is a suit against Maury County itself. To the extent the Plaintiff's allegations allege violations of Tennessee Governmental Tort Liability Act or that the Plaintiff's claims sound of negligence, Defendants aver that immunity is granted to them as Maury County Commissioners are employees under the Tennessee Governmental Tort Liability Act § 29-20-101, et seq. Defendants aver that all provisions of the Tennessee Governmental Tort Liability Act are applicable and all damage to the Plaintiff deemed entitled or limited pursuant to §29-20-403 and §29-20-404.

Defendants aver that Plaintiff James A Bracken was an employee of Maury County, Tennessee. It is further alleged that Tommy Wolaver, Joe Goodloe and Ricky Simms were County Commissioners at the time of the alleged incidents, but deny that they were the employer of the Plaintiff James A. Bracken. Defendants aver that at all times pertinent herein, they acted in good faith in discharging their duties and acted reasonably under the circumstances that existed at the time of the complained of instances; they did not violate the civil rights of the Plaintiff and, therefore, they are immune to liability there under; and, specifically plead the Doctrine of Qualified Immunity as a defense of the action filed by the Plaintiff. Defendants aver that no acts or omissions on the part of these Defendants violated any clearly established or particularized constitutional or federally protected right of the Plaintiff and, thus, the Defendants are immune from liability in this action.

Defendants aver that this Court lacks subject matter jurisdiction of the Plaintiff's state law claims. Defendants aver that the Plaintiff's claims are barred by the public interest privilege and Defendants aver that any action taken by them is or was at all times relevant to this action

inherently linked to legitimate legislative proceedings and involved matters of public interest, including but not limited to the character and conduct of the Plaintiff as a public official. The Defendants are therefore entitled to absolute privilege of legislative immunity. Defendants aver that all actions taken by them with respect to the Plaintiff's employment were based upon legitimate and non-discriminatory business related reasons.

### III. SCHEDULE OF PRETRIAL PROCEEDINGS

A. Rule 26(a)(1) Initial Disclosures

The parties shall make their Rule 26(a)(1)(A) through (E) disclosures within (30) from the date of the initial case management conference.

B. Meeting of Counsel and Parties to Discuss Settlement Prospects

On or before March 8, 2013, counsel and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in this litigation, a representative who has the authority to settle shall attend this meeting on behalf of that party. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believed that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

C. Other Pretrial Discovery Matters

As determined at the case management conference on Wednesday, December 19, 2012, this action is set for a jury trial on _April 22, 2014_ at 9:00 a.m.

If this action is to be settled, the Law Clerk shall be notified by noon, _April 18, 2014_. If the settlement is reached thereafter resulting in the

5

non-utilization of jurors, the costs of summoning jurors may be taxed to the parties dependent on the circumstances.

A pretrial conference shall be held on _April 7, 2014_ at _3:00 p_.m. _in Calendar_ A proposed pretrial order shall be submitted at the pretrial conference. _3rd g_

All discovery shall be completed by October 15, 2013. All written discovery shall be submitted in sufficient time so that the response shall be in hand by October 15, 2013. All discovery related statements shall be submitted in sufficient time so that the response shall be in hand by October 22, 2013. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of records shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

All dispositive motions and <u>Daubert</u> motions shall be filed by November 15, 2013, and any responses thereto shall be filed by December 16, 2013. Any replies shall be filed by December 30, 2013.[2]

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendment will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

There shall be no stay of discovery pending disposition of any motions.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions for

---

[2] Strict compliance is required to Rule 56.01, Local Rules of Court, relating to motions for summary judgment.

purposes of the overall number. In all other respects, Rule 33.01, Local Rules of the Court shall govern.

By July 30, 2013, the plaintiff shall declare to the defendants (<u>not</u> to file with the Court) the identity of his expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

By September 30, 2013, the defendants shall declare to the plaintiff (<u>not</u> to file with the Court) the identity of their expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

Any supplements to expert reports shall be filed by October 18, 2013. There shall not be any rebuttal expert witnesses.

To reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses. A party may, however, serve contention interrogatories and requests for admissions and production upon another party's expert. If these discovery methods prove ineffective, a party may move to take the deposition of the expert. In a diversity action, a treating physician is considered a fact witness unless the physician expresses opinions beyond the physician's actual treatment of the party.

The expert witness report required by Rule 26(a)(2)(B), Federal Rules of Civil Procedure, is considered to be the direct examination testimony at trial. If an expert expects to expound his or her testimony beyond the wording of the expert's report, the party calling the expert shall inform the opposing party with the specifics of that expounding testimony at least 15 days prior to the dispositive motion deadline.

These rules on experts are to ensure full compliance with Rule 26(a)(2); to enable the parties to evaluate any <u>Daubert</u> challenges prior to filing dispositive motions; to avoid conflicts with experts' schedules; and to avoid the costs of expert depositions.

Local Rule 39 (c)(6)( c) relating to expert witnesses shall apply in this action, and strict compliance is required.

**IV. OTHER AGREEMENTS REACHED BY THE PARTIES:**

A.   Third Party Subpoenas

The Parties anticipate third-party discovery pursuant to Fed. R. Civ. P. 45. The Parties agree to provide each other at least three (3) business days advance notice prior to issuance of a subpoena.

B.   Electronic Discovery

To the extent necessary, the Parties may enter into a separate agreement concerning the procedures to be followed with regard to searching for and producing Electronically Stored Information ("ESI").

C.   Electronic Service

Counsel for the parties agree to service of case-related material not otherwise filed through the Clerk's Office by electronic mail attachment in PDF format sent to opposing counsel's email address who shall then accept such electronic service of case-related documents in lieu of the delivery of printouts or other physical copies. The Parties also agree to serve discoverable documents in an electronic format.

*IT IS SO ORDERED.* [handwritten signature] 12-19-12

Respectfully submitted,

/s Heather M. Collins
Heather Moore Collins (#26099)
2002 Richard Jones Road, Suite B-200
Nashville, Tennessee 37215
(615)724-1996
(615)691-7019 (FACSIMILE)
heather@hmcollinslaw.com

8

J. Thomas DuBois
BPR # 013777
810 South Garden Street
P.O. Box 339
Columbia, TN 38402-0339
(931) 388-2526
tdubois@duboislegal.com

*Attorneys for Plaintiff*

/s/ Jeffrey M. Beemer
Jeffrey M. Beemer (#17247)
Kelly M. Telfeyan (#24473)
Dickinson Wright PLLC
424 Church Street, Suite 1401
Nashville, TN 37219-2392

*Attorney for Defendants Maury County, Tennessee and Jim Bailey*

/s/ Mark Nolan
Mark Nolan (#15859)
Kathryn W. Olita (#23075)
Batson Nolan, PLC
121 South Third Street
Clarksville, TN 37040
(931) 647-1501

*Attorneys for Defendants Tommy Wolaver, John Goodloe and Ricky Sims*

443058v2